# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SHARON JOHNSON

      Plaintiff,

v.                                Case No: 8:22-cv-2560-KKM-AEP

SEA WORLD PARKS &
ENTERTAINMENT, LLC,

      Defendant.

_____

## ORDER

In November 2022, Defendant Sea World Parks & Entertainment, LLC, removed Plaintiff Sharon Johnson's negligence action from state court after Johnson filed a motion to amend her complaint. (Doc. 1; Doc. 1-7.) Johnson moves to remand. (Doc. 12.) Because neither Johnson's complaint nor her proposed amended complaint plead a federal cause of action on its face, the Court remands this case to state court.

Any doubt "about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal[-question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). To satisfy the well-pleaded complaint rule, the complaint—on its face—must invoke federal law as the basis for relief. The analysis of federal-question jurisdiction must entail "careful judgments about the exercise of federal judicial power." *Merrell Dow*, 478 U.S. at 814. When a case is not originally removable, a defendant may file a notice of removal within thirty days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which has become removable." 28 U.S.C. § 1446(b)(3).

Here, Sea World argues that because the proposed amended complaint mentions in one sentence that the area where Johnson fell "had no clearly marked safe ADA compliant accessible route," the Court has federal-question jurisdiction. (Doc. 13 ¶ 8 (quoting Doc. 1-7 at ¶ 19).) The use of "ADA compliant" as an adjective, however, does not constitute invocation of federal question jurisdiction. And a review of Johnson's amended complaint demonstrates that none exists.

To begin, Johnson alleges that Sea World had a legal duty to maintain the premises in a reasonably safe condition and in accord with Florida building codes. (Doc. 1-7 ¶¶ 13, 20.) She does not allege a duty arising under the ADA. Johnson also alleges that Sea World breached its duty by failing to maintain the premises in a safe manner and failing to warn

of a concealed peril. (*Id.* ¶ 16.) She does not allege that Sea World breached its duty by violating the ADA. That said, in explaining the failure to warn, Johnson describes the steps as lacking a "clearly marked safe ADA compliant accessible route option." (*Id.* at ¶ 19.) That allegation does not give rise to federal-question jurisdiction, even if construed as an allegation that the ADA violation establishes a breach of Sea World's duty. *Cf. Jairath v. Dyer*, 154 F.3d 1280, 1284 (11th Cir. 1998) (holding no federal question existed when the plaintiff alleged that the ADA created the duty that served as the basis for the plaintiff's state law claim). Finally, Johnson seeks monetary damages based on Sea World's alleged negligence, a remedy that the ADA does not provide. *See id.* at 1283 ("Although a private right of action for injunctive relief does exist under the ADA, it is uncontested that there is no private right of action for damages.").

In sum, Johnson does not bring an ADA claim and there is no substantial question of federal law that forms a necessary element of Johnson's state law negligence action. Thus, there is no federal-question jurisdiction here.

Accordingly, the following is **ORDERED**:

1. Johnson's motion for remand (Doc. 12) is **GRANTED**.

2. Johnson's motion for leave to file a reply (Doc. 14) is **DENIED** as moot.

3. Johnson's request for attorney's fees is **DENIED**.

4. The Clerk is directed to **REMAND** this action to the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, and to transmit a certified copy of this order to the clerk of that court; to **TERMINATE** any pending motions and deadlines; and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on December 19, 2022.

Kathryn Kimball Mizelle
United States District Judge

4